**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4394**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER KEEYAN MINTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:19-cr-00400-LCB-1)

Submitted:  July 30, 2021                                      Decided:  August 18, 2021

Before WILKINSON, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, John M. Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Keeyan Minton appeals the district court's judgment after pleading guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The district court sentenced him at the bottom of his Guidelines range, denying his request for a lower prison sentence. On appeal, he contends that his sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). We affirm.

"This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks and citations omitted). "Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*.

2

at 212-13 (internal quotation marks and citations omitted). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but rather, we "look at the full context" of those statements when evaluating them. *Id*. at 213.

"If the sentence 'is procedurally sound, [we] then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). "When considering the substantive reasonableness of a prison term, we 'examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *United States v. Arbaugh,* 951 F.3d 167, 176 (4th Cir. 2020); *see also Gall*, 552 U.S. at 59-60 (appellate court must give "due deference" to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence").

"Applying this standard, we may 'reverse a sentence *only* if it is unreasonable, even if the sentence would not have been the choice of the appellate court.'" *United States v. McCain*, 974 F.3d 506, 518 (4th Cir. 2020) (citations omitted). A sentence within the Guidelines range is presumptively reasonable. *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019) (citation omitted). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Minton's sentence is procedurally and substantively reasonable; and the district court did not err or abuse its discretion in

3

denying him a lower sentence. The district court properly calculated his Guidelines range, considered the § 3553(a) factors, conducted an individualized assessment of the facts and arguments presented, considered Minton's arguments for a lower sentence, and adequately explained its decision. We further conclude that Minton fails to rebut the presumption that his sentence is substantively reasonable, and we give due deference to the court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*